# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **KRISTY KAY MONEY and ROLF JACOB SRAUBHAAR,** *Plaintiffs* | § § § | |
| v. | § § | CIVIL NO. 1:23-CV-00718-RP |
| **CITY OF SAN MARCOS and AMANDA HERNANDEZ,** in her official capacity as Director of Planning and Development Services, *Defendants* | § § § § § § | |

**ORDER AND REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**TO:**  THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

Now before the Court are the remand by the United States Court of Appeals for the Fifth Circuit (Dkt. 28); Plaintiffs' Motion for Summary Judgment, filed June 4, 2025 (Dkt. 29); Defendants' Response to Plaintiffs' [Second] Motion for Summary Judgment, filed July 2, 2025 (Dkt. 32); and Plaintiffs' Reply, filed July 8, 2025 (Dkt. 33). The District Court referred the remand and, by June 5, 2025 Text Order, the motion to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

## I. Background

Plaintiffs Kristy Kay Money and Rolf Jacob Sraubhaar bought a house in the Burleson Historic District in San Marcos, Texas with this wrought-iron balcony on the second-story front façade:

1



Six years later, Plaintiffs filed an application with the San Marcos Historic Preservation Commission to remove the entire balcony. Under the San Marcos Development Code, property owners must seek a certificate of appropriateness from the Commission before making certain alterations to their property, including alterations to the front façade. The Commission held a hearing, during which they denied the application by unanimous vote.

Plaintiffs did not appeal the decision to the San Marcos Zoning Board. Instead, they sued the City of San Marcos and Amanda Hernandez in her official capacity as the city's Director of Planning and Development Services. Plaintiffs assert claims for a *per se* taking, in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution, and for an unconstitutional exercise of the police power under Article I, Section 19 of the Texas Constitution.

Five days after filing suit, Plaintiffs moved for summary judgment on all their claims; shortly thereafter, Defendants' moved to dismiss the complaint. The District Court referred the motions to this Magistrate Judge, who issued a report and recommendation to grant Defendants' motion to dismiss, dismiss all claims without prejudice for failure to state a claim and because they were not ripe, and dismiss Plaintiffs' motion for summary judgment as moot. Dkt. 19. The District Court adopted the recommendation in full, and Plaintiffs appealed. The Fifth Circuit reversed and remanded "for continued proceedings consistent with this opinion." *Money v. City of San Marcos*, No. 24-50187, 2025 WL 429980, at *7 (5th Cir. Feb. 7, 2025) (unpub'd).

## II.   Recommendation

On March 26, 2025, the District Court referred the remand to this Magistrate Judge "to issue a report and recommendation as set out by the Fifth Circuit." Dkt. 28. This Magistrate Judge **RECOMMENDS** that the District Court **SET ASIDE** the final judgment entered in this case.

## III.   Order

Plaintiffs again move for summary judgment in light of the Fifth Circuit's holdings. Dkt. 29 at 7. Defendants contend that the motion lacks merit and is premature because discovery has not commenced, and that they cannot adequately respond before conducting discovery. Dkt. 32 at 1.

Neither Plaintiffs nor Defendants have created a record sufficient for the Court to take up the summary judgment motion. First, Plaintiffs embed numerous website links in their briefs, but merely providing a URL or internet link is insufficient to make the underlying evidence of record. *Hix-Hernandez v. Ford Motor Co.*, No. 1:20-CV-00029-RP, 2022 WL 2902838, at *1 n.1 (W.D. Tex. June 22, 2022). For their part, Defendants have not shown by affidavit or declaration that, for specified reasons, they cannot present facts essential to justify their opposition to Plaintiffs' summary judgment motion, as required when seeking discovery under Rule 56(d).

For these reasons, the Court **ORDERS** that Plaintiffs have until **September 26, 2025** to file an amended motion for summary judgment and any evidence they attempted to submit by hyperlink only. Briefing on the amended motion will proceed under the time limits of Local Rule CV-7: Defendants have until **October 10, 2025** to file a response or properly supported motion under Rule 56(d), and Plaintiffs have until **October 17, 2025** to file a reply.

## IV.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v.*

*United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on September 11, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE