**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **KRISTI KAY MONEY AND ROLF JACOB SRAUBHARR**<br>　　　　**Plaintiffs,**<br><br>　　　　**vs.**<br><br>**CITY OF SAN MARCOS AND DIRECTOR OF PLANNING AND DEVELOPMENT SERVICES AMANDA HERNANDEZ in her official capacity**<br>　　　　**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CASE NO. 1:23-CV-718-RP** |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

NOW COME Defendants City of San Marcos and Amanda Hernandez, Director of Planning and Development Services in her official capacity, and file this Reply to Plaintiffs' Response to Defendants' Motion for Summary Judgment, and would respectfully show as follows:

**I. SUMMARY OF REPLY**

Defendants are entitled to summary judgment. Plaintiffs repeatedly argue against what they wish Defendants had argued, and not what Defendants actually argued. Plaintiffs argue that Zimmerman's moral character and his contributions to the City of San Marcos's history are irrelevant, yet repeatedly raise his character as a relevant factor when it suits their argument. Plaintiffs also claim many facts and issues are "undisputed" when the summary judgment evidence clearly reflects to the contrary. Plaintiffs make misstatements and misleading arguments while failing to rebut, address or even mention relevant authorities, significant facts, ordinance language, Commission comments in this matter, and public welfare, all of which support dismissal of Plaintiffs' lawsuit.

Plaintiffs' *per se* takings claim under *Loretto* fails as a matter of law because that was a "very narrow" opinion that does not apply to this matter. The state law claim fails because the Ordinance at issue and the guiding authorities on which the Commission ruled are indisputably not based "merely aesthetics." They are based on historic, architectural, and design elements and do not set out an unduly burdensome obligation. Accordingly, Defendant's Motion for Summary Judgment should be granted.

## II. ARGUMENTS AND AUTHORITIES

### A.    Plaintiffs' misleading statements about what is allegedly "undisputed" do not support their Response.

Plaintiffs first assert that it "is undisputed that *none* of these mandatory criteria [in the Development Code] turn on the historic value of the property or the historic impact of the requested change" and "never mention 'history.'" *See* Plaintiffs' Response, P. 2 (emphasis in original). This is clearly disputed, however. What is undisputed is that the Development Code language expressly **does** provide for protection of "history" and "historic value," and not merely "visual compatibility."

The San Marcos Development Code expressly states that its purpose is to assure that construction, alteration, or restoration of a structure in the Historic District is "congruous with the **historical**, architectural or cultural aspects of the district" and that such aspects are "preserved and protected." SAN MARCOS DEV. CODE § 2.5.5.1(A) (emphasis added). In implementing the Development Code and to achieve its purpose of protecting historical, architectural, and cultural aspects of the Historic District, the Commission considers far more than aesthetics. *Id.* § 2.5.4.5(B)(1-16). Such considerations include cultural heritage, identification with person who significantly contributed to the development of the community, distinguishing characteristics of architectural style, historical, architectural, or cultural integrity of the site, building, or structure, the historical heritage of San Marcos, the character of the area based on architectural, historic or cultural motif, among other

factors. *Id*. Contrary to Plaintiffs' assertion that it is "undisputed" that the Ordinance does not even mention "history," it clearly does so, multiple times.

Plaintiffs also state that "the City has repeatedly admitted that these additional criteria [i.e., the Secretary of the Department of Interior's guidelines] are ultimately 'aesthetic considerations.'" *See* Plaintiffs' Response, P. 3, *citing* Doc. 40, p. 4. This, too, is incorrect. Rather, page 4 of Defendants' motion sets out in detail the Secretary's guidelines and notes that they are not purely aesthetic—and that is clearly true from any review of the same.

While there are some aesthetic considerations involved in any such historic preservation ordinances or guidelines, they are not "purely" aesthetic considerations, as Plaintiffs argue, and the guidelines cover far more than "pure aesthetics."[1] They relate to preserving a prior time's cultural and historical character, the expressed purpose of the creation of the Historic District.

Plaintiffs fail to address the San Marcos Design Manual which provides additional guidelines the Commission considers. These guidelines provide for the consideration of safety and comfort along with historical accuracy, economic feasibility and long-term impact with the broad interest of the community in mind, preserving the integrity of historic buildings and the value of the Historic Districts. SAN MARCOS DESIGN MAN. Division 1 §§ C.1(B), C.3.2.6(B).

Plaintiffs also cite to several other Commission hearings, claiming these hearings show that the Commission considers solely "aesthetics," again arguing that this is "undisputed." This is a misleading characterization of these other meetings. Further, such cherry-picked comments in other meetings do not show that the Commission always and only considers aesthetics in issuing a COA and certainly does not show that this is what they did in Plaintiffs' case.

---

[1] To the extent Defendants' motion may be interpreted as stating that the Interior's guidelines are purely aesthetic considerations, this is an incorrect interpretation, out of context, and unreasonably limited to the use of the term "aesthetics."

Rather, as shown in the Commissioners' statements in **this** matter, the Commissioners consider much more than pure aesthetics. Plaintiffs wholly fail to address the statements from the consideration of their request, preferring to distract the Court with isolated comments from other matters.[2]

Plaintiffs complain that, after remand, they inquired of the City what issues were still in dispute, but received no response. But Plaintiffs do not explain what this has to do with their response to Defendants' summary judgment motion. Moreover, Defendants were under no obligation to respond, but were awaiting the Magistrate Judge's decision, as directed by the District Court's Order.

Plaintiffs also argue that Zimmerman's background is "irrelevant to the legal claims here," but at the same time consistently invoke him into this matter. In any event, Plaintiffs misconstrue Defendants' point in raising Zimmerman's contributions to the community of San Marcos. Defendants do not purport to present the position that this would offset any purported KKK tie from showing a pro-KKK film, but instead shows why Zimmerman's contributions to the community could be considered significant and a factor in the Commission's decision on preserving evidence of someone who made such contributions. It was the historical significance of the Juliette balcony and its "Z" that the Commission discussed during Plaintiffs' hearing.

**B.    The "law of the case" doctrine and "mandate rule" do not support their Response.**

Plaintiffs do not respond or address the multiple authorities cited in Defendants' motion that the "law of the case" doctrine does not apply since dismissal under a Rule 12(b) standard is wholly inapplicable in the Rule 56 summary judgment context. They assert that the "law of the case" doctrine applies, citing to *McClain v. Lufkin Industries*, 649 F.3d 374 (5th Cir. 2011). But, the *McClain* decision did not involve a Rule 12(b) ruling; it involved a final judgment reversed on appeal.

---

[2] While discovery could have shed light on the factors the Commission considers, Plaintiffs have repeatedly attempted to avoid any discovery, preferring to file premature summary judgment motions. Should the Court deny Defendants' motion, Defendants would seek leave to conduct discovery into the issues the Court considers relevant to its decision.

Plaintiffs argue the "mandate rule" also applies, citing two opinions that involved a mandate from the Fifth Circuit involving summary judgments. *Liberty Mut. Fire Ins. Co. v. Fowlkes Plumbing, LLC*, 850 Fed. Appx. 213, 215 (5th Cir. 2021) (per curiam); *Kapche v. City of San Antonio*, 304 F.3d 493 (5th Cir. 2002). In *Liberty Mutual*, the Fifth Circuit issued a "mandate rendering judgment" which the opposing party had attempted to have set aside on remand under Rule 59. The Fifth Circuit noted that "[t]he mandate rule requires a district court on remand to effect our mandate and to do nothing else." *Liberty Mut. Fire Ins. Co.*, 850 Fed. Appx. at 215. There was no such mandate in this case.

Likewise, the Fifth Circuit in *Kapche* concluded that the district court on remand after a reversal of summary judgment "may not disregard the explicit directives of [the] court." *Kapche*, 304 F.3d at 496. "The mandate rule simply embodies the proposition that a district court is not free to deviate from the appellate court's mandate." *Id*. But there was no such mandate here. Instead, the Fifth Circuit merely concluded Plaintiffs had sufficiently stated a claim to survive dismissal at the pleadings stage.

## C.    Plaintiffs misconstrue the relevance of their knowledge.

Plaintiffs' Response addresses a standing argument that Defendants did not make. *See* Plaintiffs' Response, P. 10. Plaintiffs cite several decisions which purportedly show that they have standing, despite not being the owners of the property at the time the Ordinance was enacted. These decisions are irrelevant to this matter.[3] Defendants cite to Plaintiffs' knowledge, the timing of the enactment of the Ordinance, and the existence of an external invasion to demonstrate the ways in which the ruling in *Loretto* is inapplicable.

---

[3] Again, Plaintiffs complain that Defendants have not "given an answer" to the applicability of these decisions, but Defendants again note they are not required to do so. These decisions are immaterial to the facts and issues of this case. *See, e.g., Tyler v. Hennepin Cnty.*, 598 U.S. 631 (2023) (the Court was concerned with gamesmanship in keeping surplus from a tax sale); *Oct. Twenty-Four, Inc. v. Town of Plainville*, 107 F.3d 3 (2d Cir. 1996), *citing Nollan v. Cal. Coastal Comm'*, 483 U.S. 85 (1987) (noting *Nollan* involved a plaintiff with a leasehold interest at time of enactment of regulation).

First, Plaintiffs claim that there is no evidence that they had reasonable notice of the restrictions on their property prior to purchase.  However, actual notice is irrelevant.  Ordinances are matters of public record and discoverable by the purchaser of property prior to purchase, thereby charging that purchaser with constructive notice.  *See Sadeghian v. City of Aubrey, Texas*, 2002 WL 32319046, at *3 (N.D. Tex. Oct. 28, 2002); *City of White Settlement v. Super Wash, Inc.*, 198 S.W.3d 770, 775 (Tex. 2006). Plaintiffs had constructive notice, and Defendants are not required to show that Plaintiffs had actual notice of any kind.[4]

Second, Plaintiffs complain that Defendants cite numerous out-of-circuit decisions. However, Plaintiffs have not cited a single Fifth Circuit authority in which *Loretto* was controlling nor any case that directly addressed the question before this court. They elect not to address any of the decisions on which Defendants rely. They just state, in conclusory fashion and without any legal or factual basis, that these numerous decisions are "wholly irrelevant."

Third, contrary to Plaintiffs' argument, the matter in *Loretto* did involve enactment of a regulation after purchase thereby allowing an invasion of the property by a stranger.  *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 421, 423 (1982). There is no "stranger" or "interloper with a government license" here.  *See F.C.C. v. Fla. Power Corp.*, 480 U.S. 245, 252-53 (1987). The balcony and Z were in place when Plaintiffs purchased the property with full knowledge, actual or constructive, of restrictions on the property. Plaintiffs do not address the explicit exception the Supreme Court set forth in its "very narrow" *Loretto* opinion.  The Court expressly noted that its decision would be a "different question" if the plaintiff was required to install the equipment because she would "own the installation" instead of a stranger.  *Loretto*, 458 U.S. at 440-41, n. 19.

---

[4] Plaintiffs state that the house had "long been vacant, was in need of repair, and was designated a low historic priority," but fail to cite to any evidence in the record for these statements.  *See* Plaintiffs' Response, P. 10.  This is irrelevant in any event. Plaintiffs do not offer competent summary judgment evidence that they did not have notice of the property's status.

This is the exact scenario here: Plaintiffs own the balcony/Z, having purchased the entire house, including the balcony/Z.  The government did not come along later and insist Plaintiffs allow a third-party contractor install the balcony and letter Z on the property, while retaining ownership of the balcony/Z.[5]  Plaintiffs ignore the ample authorities that are directly on point. Plaintiffs' failure to respond concedes the point.  *See Wilkins v. Daniels*, 744 F.3d 409, 419 (6th Cir. 2014); *Cablevision Sys. Cor. v. F.C.C.*, 570 F.3d 83, 98 (2nd Cir. 2009); *Prominence Homes & Communities, LLC v. City of Orange Beach, Ala.*, 20022 WL 22845071 (S.D. Ala. Oct. 27, 2022); *Qwest Corp. v. U.S.*, 48 Fed. Cl. 672, 690 (2001); *Flamingo Paradise Gaming, LLC v. Chanos*, 217 P.3d 546, 561 (Nev. 2009); *Collins v. Historic Dist. Comm'n of Carver*, 897 N.E. 2d 1281 (Mass. 2008).

**D.      Plaintiffs misconstrue Defendants' references to *Penn Central*.**

Plaintiffs argue that *Penn Central Transportation Company v. New York City* is irrelevant since it was decided prior to *Loretto* and should not apply here.  Defendants did not argue that *Penn Central* should apply (although it is still good law). Defendants cited to *Penn Central* (and numerous other authorities) to show that historic preservation ordinances are constitutional.

**E.      Plaintiffs' claims under Texas law fail.**

**1.      Plaintiffs' no regulations based on "pure aesthetics" argument is irrelevant.**

Plaintiffs continue to argue that regulations based on "pure aesthetics" are invalid under Texas law.[6] They expend much energy on the issue despite this argument not being made in Defendants' summary judgment motion. On its face and the undisputed evidence before this court shows that the

---

[5] Plaintiffs are correct that the Supreme Court's decision in *Keystone Bituminous Coal Ass'n v. DeBenedictis* did not involve a *Loretto* claim.  This is because no such claim could have been made under the facts of that case.  As the facts in the *Keystone* decision are essentially the same as here, Plaintiffs' *Loretto* claim is invalid and should be dismissed.

[6] Again, Plaintiffs attempt to argue that it is "undisputed" that aesthetic considerations are all the Commission considers. Plaintiffs again cite out of context statements of Defendants' briefing, including its first response to Plaintiffs' summary judgment motion filed before Defendants had even answered and prior to Defendants' counsel having a reasonable opportunity to investigate this matter and the legal issues at play.  In any event, limiting considerations to what is visible is the least restrictive means of preserving and protecting the public's interest in historical, architectural, cultural, and societal importance.

Ordinance at issue is not based solely on aesthetics, nor was the Commission's decision based on the same.

Plaintiffs attempt to create a definition of "aesthetics" from a variety of sources, including a 1902 Maryland decision. However, they continue to equate "aesthetics" with "visible." Defendants would again note that "visible" is not the same as "aesthetic," and the regulations, the Department of Interior's guidelines, and the Commission's comments made during the hearing all show that the denial of the COA was not based purely on aesthetics.

The Fifth Circuit in this matter acknowledged that a zoning ordinance that includes aesthetic objectives is not always unconstitutional under Texas law. *Money v. City of San Marcos*, 2025 WL 429980, at *6 (5th Cir. Feb. 7, 025), *citing Connor v. City of University Park*, 142 S.W.2d 706, 713 (Tex. App.—Dallas 1940, writ ref'd). Contrary to Plaintiffs' argument with regard to *Powell v. City of Houston*, 628 S.W.3d 838 (Tex. 2021), Defendants did not raise this case in the Fifth Circuit as to whether such historic preservation ordinances are valid, but instead in response to Plaintiffs' argument that ordinances based on pure aesthetics are not permitted. Defendants cite to *Powell* in its current motion to show that the Supreme Court of Texas has approved an ordinance worded essentially the same as this one.

Moreover, while Plaintiffs claim the concurring justices in *Powell* would have followed *Spann* in determining constitutionality, that is not what the *Powell* opinion holds. Rather, the concurrence stated that "[t]he Court correctly concludes that the City's authority to engage in historic preservation under its home-rule police powers is constrained by state land-use laws," and cites to *Spann*: "holding that the police power is subject to the limitations of the Constitution, including the protection of private property". *Powell*, 628 S.W.3d at 866-67 and n.37. The concurrence in *Powell* is not nearly so sweeping as Plaintiffs assert.

**2.    Plaintiffs do not address Defendants' argument that the Ordinance uses the least restrictive means of enacting a legitimate governmental interest.**

Plaintiffs do not address Defendants' argument that the Ordinance applies the least restrictive means of protecting the public's interest in the community's history, architecture, and culture. These are legitimate governmental interests, as has been repeatedly confirmed in both state and federal courts, including the Supreme Court.[7]

Because it is contrary to their position, Plaintiffs deliberately ignore the discussion that occurred at the hearing in the meeting addressing the actual decision at issue. The Ordinance language clearly balances the preservation of a Historic District, while recognizing a landowner's interest in controlling their property. Plaintiffs' failure to address this point constitutes waiver of the issue.

**3.    Plaintiffs rely on irrelevant decisions.**

Plaintiffs rely on two decisions that have no relevance to this matter: *St. Jospeh Abbey v. Castille*, 712 F.3d 215 (5th Cir. 2013) and *Humble Oil & Rf. Co. v. Georgetown*, 428 S.W.2d 405 (Tex. Civ. App.—Austin 1968, no writ). The first involved an attempt to preclude sale of inferior caskets and was a due process and equal protection claim, not an alleged constitutional taking. Similarly, *Humble Oil* involved a restriction on trucks delivering gas, allegedly for safety reasons. However, it did not apply the same restriction to trucks driving through the area but not delivering gas. Thus, the ordinance at issue was determined to not be reasonable. *Humble Oil & Rf. Co.*, 428 S.W.2d at 412. Neither decision has any relevance to this matter.

---

[7] The Fifth Circuit has concluded that an ordinance and its application are not constitutionally invalid merely because its enforcement is not "uniformly predictable." *Maher v. New Orleans*, 516 F.2d 1051, 1061 (5th Cir. 1975) (also noting that legislative bodies are entrusted with the task of defining the public interest and purpose, and of enacting laws in furtherance of the general good). Further, the City is not required to implement its decisions correctly, "nor does the Constitution insist that a local government be right." *Brown*, 2006 WL 8440492, at *5, *citing FM Props. Operating Co. v. City of Austin*, 93 F.3d 167, 174 (5th Cir. 1996).

**4.    Plaintiffs have not shown that the Ordinance is unduly burdensome.**

Plaintiffs offer no competent summary judgment evidence that they are subjected to an undue burden in having a Z on their balcony.  Likewise, they have not shown any lack of proportionality between the public benefit, amply set forth in both Defendants' evidence. The ordinance and supporting documents reflect the limited authority given to the City for the purpose of promoting the public welfare in the preserving and protecting the historical, architectural, or cultural developments in the community.  The burden, if any, is limited.  Plaintiffs assert that the burden of having the Z on their property is "severe" since it conflicts with their unstated "values," values they elected not to explain to the Commission. Values that are apparently not implicated when it comes to residing in the Zimmerman family home.

Plaintiffs argue that the City asserts that there is no undue burden outside of economic liberty claims.  Nowhere do Defendants argue this.  Plaintiffs are again arguing what they wish Defendants had said, not what Defendants actually said.

Likewise, contrary to Plaintiffs' statement that the Commission disregarded its own findings "without explanation," the Commission provided an explanation in the meeting.  Plaintiffs do not address the Commissioners' comments in the meeting because they run contrary to the narrative Plaintiffs want to present. Unlike Plaintiffs and their failure to identify any burden, the Commissioners actually discussed their thoughts about the balcony and why it was a reflection of the City's cultural history.  Plaintiffs fail to present summary judgment evidence of any burden, much less undue burden, that should have resulted in a different determination.

Defendants' Motion for Summary Judgment should be granted, and Plaintiffs' Motion for Summary Judgment should be denied.

Respectfully submitted,

**FLETCHER, FARLEY, SHIPMAN & SALINAS, L.L.P.**
2530 Walsh Tarlton Lane, Suite 150
Austin, Texas  78746
(512) 476-5300
FAX (512) 476-5771

By:  /s/Joanna Lippman Salinas
Joanna Lippman Salinas
Texas State Bar No. 00791122
joanna.salinas@fletcherfarley.com

Attorneys for Defendants, *City of San Marcos and Amanda Hernandez, Director of Planning and Development Services in her official capacity*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Reply Brief in Support of Defendants' Motion for Summary Judgment** has been provided to the following, in accordance with the Federal Rules of Civil Procedure, on November 17, 2025.

Robert Henneke
Chance Weldon
Christian Townsend
TEXAS PUBLIC POLICY FOUNDATION
901 Congress Avenue
Austin, Texas 78701

/s/Joanna Lippman Salinas
Joanna Lippman Salinas