**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **KRISTI KAY MONEY AND ROLF JACOB SRAUBHARR**<br>**Plaintiffs,** | § | |
| **vs.** | § | **CASE NO. 1:23-CV-718-RP** |
| **CITY OF SAN MARCOS AND DIRECTOR OF PLANNING AND DEVELOPMENT SERVICES AMANDA HERNANDEZ in her official capacity**<br>**Defendants.** | § | |

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

NOW COME Defendants City of San Marcos and Amanda Hernandez, Director of Planning and Development Services in her official capacity, and file this, their Reply top Plaintiffs' Response to Defendants' Objections to the Magistrate Judge's Report and Recommendation dated August 5, 2026, and would respectfully show as follows:

## I. INTRODUCTION

To avoid addressing the actual merits of this lawsuit, Plaintiffs repeatedly argue against what they wish Defendants had said rather than what Defendants actually said in their Objections. In the same vein, Plaintiffs continually state that certain matters are "undisputed," which is clearly incorrect. In doing so, Plaintiffs fail to address Defendants' actual arguments and the authorities on which Defendants rely.

For the first time, in an attempt to avoid dismissal due to lack of standing, Plaintiffs argue that this is a regulatory takings case rather than a physical *per se* takings case. As previously argued and

shown below, Plaintiffs have waived any such argument. Because the historic preservation ordinance was already in effect when Plaintiffs purchased the property, they cannot challenge it at this stage.

Plaintiffs fail to address the extensive authorities showing that the law of the case doctrine does not apply to this matter. Instead, where the Fifth Circuit has remanded a dismissal at the pleadings stage and the matter is later addressed via summary judgment, entirely different burdens and standards apply, including review of the actual facts and evidence as opposed to mere allegations. Consequently, this Court is not bound by the law of the case doctrine.

Plaintiffs fail to negate the well-established authorities which show that the actual facts of this matter are entirely different than those of the Supreme Court's *Loretto* "narrow" decision, something the Supreme Court itself acknowledged. The Z on their property was not placed by a third party, is not owned by a third party, was not required to be placed by the government in the first place, and does not allow for a stranger to enter their property. The actual facts of this matter are entirely distinguishable from those of *Loretto*, as numerous federal and state courts have repeatedly concluded. Because the evidence and authorities conclusively negate the applicability of *Loretto*, this Court should grant Defendants' summary judgment motion on Plaintiffs' Constitutional takings claim.

As for the challenge under Texas law, Plaintiffs continue to parse the ordinance's provisions, focusing on a narrow, self-serving interpretation of one section, hoping the Court will not review the actual language of that section and will disregard the rest of the ordinance and the Secretary of the Interior's Standards for Rehabilitation which are incorporated into the ordinance. A single section of the ordinance cannot be read in a vacuum.[1] Read as a whole, the ordinance is clearly not limited to

[1] Even if it were, the challenged section shows that it addresses more than mere aesthetics, and contains the same language the Supreme Court of Texas considered in *Powell v. City of Houston*, 628 S.W.3d 838, 847 (Tex. 2021) (noting with approval that for "decades" "states and cities took on the new task of preserving buildings with history and **aesthetics** that impacted the local environment in a different way" and that "historic preservation ordinances focus on the architectural details that communicate a building's significance and its connection to a neighborhood") (emphasis added). So, too, as Magistrate Judge Hightower noted, this ordinance focuses on architectural details and history. [Doc. 9, P. 9-10].

aesthetics, nor were aesthetics the sole basis for the Commissioners' decision.[2] Because the evidence conclusively shows the ordinance is not based on pure aesthetics and the decision was not based purely on aesthetics, Defendants' summary judgment motion should be granted.

Finally, Plaintiffs have not shown any oppressive burden, as required under Texas law. The Magistrate Judge correctly concluded that the Plaintiffs failed to offer any evidence of burden. Plaintiffs respond here with nothing more than conclusory assertions of burden. Because there is no evidence of oppressive burden, this Court should grant Defendants' summary judgment motion as to Plaintiffs' claims under the Texas Constitution.

## II. ARGUMENTS AND AUTHORITIES

### A. Plaintiffs' attempt to assert a regulatory takings claim to avoid dismissal due to lack of standing should be rejected.

Plaintiffs have repeatedly argued that they are making a *per se* physical takings claim, not a regulatory takings claim. [Doc. 1, P. 7; Doc. 4, P. 7-8; Doc. 15, P. 1-5; Doc. 20, P. 11; Doc. 22, P. 5; Doc. 29, P. 7, 11; Doc. 33, P. 4-6; Doc. 41, P. 8, 12-13]. In fact, Fifth Circuit expressly noted in its opinion on remand that "[t]he Moneys do not assert a regulatory takings claim, so the only question is whether they stated a *per se* takings claim." *Money v. City of San Marcos*, 2025 WL 429980, at *4 (5th Cir. Feb. 7, 2025).

Now, in an attempt to avoid dismissal due to lack of standing, Plaintiffs for the first time argue that they are asserting a regulatory takings claim [Doc. 47, P. 11-13], seeking protection of the Supreme Court's language in *Palazzolo v. Rhode Island*, 533 U.S. 606 (2001).[3] In *Palazzolo*, the

---

[2] The Commission is free to disregard its staff's analysis and conduct its own review. As noted by Magistrate Judge Hightower, however, the Commission considered its staff's determination that the balcony could be historic and the Z could refer to the Zimmerman family who originally built the home in the 1930's. [Doc. 43, P. 11].

[3] Plaintiffs challenge the applicability of *October Twenty-Four, Inc. v. Town of Plainville*, 107 F.3d 3 (2d Cir. 1996), attempting to distinguish it from *Palazzolo*. Plaintiffs' challenge is baseless, as the Second Circuit expressly cited to *Loretto* in concluding that the zoning regulation was in effect at time of purchase, meaning there was no taking. In citing to *Loretto*, the Second Circuit expressly noted that the Supreme Court "entertained the plaintiff's takings claim [in *Loretto*] only '**insofar as it relied**' on a post-purchase regulation." *Id*. at *1, *citing Loretto*, 458 U.S. at 424 (emphasis added).

Supreme Court did note that "future generations, too, have a right to challenge unreasonable limitations on the use and value of land." *Id*. at 627. The Plaintiffs would have this Court ignore the subsequent statement in which the Supreme Court expressly distinguished regulatory takings from physical takings, concluding that "when a State has physically invaded the property without filing suit [as Plaintiffs allege here], the fact and extent of the taking are known." *Id*. In that case, "the right to compensation is not passed to a subsequent purchaser." *Id*.[4]

Because Plaintiffs have not asserted a regulatory takings claim, they have waived any such claim. *See McCutchen v. U.S.*, 145 Fed. CL. 42, 5 (2019), *aff'd*, 14 F.4th 1355 (Fed. Cir. 2021) (plaintiffs did not assert a regulatory taking claim under *Penn Central*, and any argument based on *Penn Central* "has therefore been waived"); *Midas Res., Inc. v. U.S.*, 168 Fed. Col. 385, 403 (2023) (plaintiff failed to state a physical *per se* taking claim and did not allege a regulatory takings claim, thereby waiving the issue). Plaintiffs have expressly pleaded and pursued only a physical *Loretto per se* takings claim; they cannot now assert a regulatory takings claim in an attempt to avoid dismissal due to lack of standing.[5]

**B. The law of the case doctrine does not apply.**

Plaintiffs seek protection of the law of the case/mandate rule. Plaintiffs fail to address or even mention the well-established authorities set forth in Defendants' objections that a remand on a 12(b) dismissal is different in both burden and standards and, therefore, the law of the case doctrine does not apply. Instead, Plaintiffs cite to wholly irrelevant decisions.

---

Thus, even under *Loretto*, the Supreme Court would limit its consideration to post-purchase regulations, and would not consider Plaintiffs' challenge.

[4] Plaintiffs attempt to distinguish *Severance v. Paterson*,566 F.3d 490 (5th Cir. 2009), claiming it concluded the owner had standing in a physical takings case, despite purchasing property after the enactment of the regulation. However, the plaintiff in that case argued that the specific taking she challenged occurred after she purchased the property, and the Fifth Circuit concluded that the original easement had expanded after purchase. *Id*. at 495. That is not the case here.

[5] To the extent Plaintiffs are allowed to do so, then the elements of *Penn Central Transp. Co. v. City of New York*, 438 U.S. 104, 129 (1978) and *Maher v. City of New Orleans*, 516 F.2d 1051 (5th Cir. 1975) would apply, as Magistrate Judge Hightower originally concluded in her first report and recommendation. [Doc. 19, P. 12].

Plaintiffs rely on *Liberty Mutual Fire Insurance Company v. Fowlkes Plumbing, LLC*, 850 Fed. Appx. 213 (5th Cir. 2021). That decision was based on a reversal and rendering of judgment based on the evidence in which the defendant subsequently sought to alter or amend the judgment entered on the Fifth Circuit's reversal. In *Kapche v. City of San Antonio*, 304 F.3d 493 (5th Cir. 2002), the Fifth Circuit reversed the granting of summary judgment which could not be disregarded in a subsequent remand.

That is not the situation in this case in which the Fifth Circuit's remand was based on whether the Plaintiffs plausibly alleged a valid claim, not based on any evidence. No evidence or facts were developed, argued, or challenged at the pleadings stage. The Fifth Circuit did not consider the language of the ordinance at issue or the statements of the Commissioners, nor could it.[6] Rather, its analysis was restricted to the allegations in the Plaintiffs' Complaint. Moreover, the burden is fundamentally different at the summary judgment stage and, unlike a motion to dismiss, the burden is on Plaintiffs, not Defendants. *United Farmers Agents Ass'n, Inc. v. Farmers Ins. Exch.*, 892 F.Supp. 890, 908 (W.D. Tex. 1995), *aff'd*, 89 F.3d 233 (5th Cir. 1996), *cert. denied*, 519 U.S. 1116 (1997) (dismissal at pleadings stage is "a completely different question and burden of proof from the review given evidence submitted in conjunction with a motion for summary judgment"). Accordingly, the Magistrate Judge erred in recommending granting Plaintiffs' summary judgment based on the law of the case doctrine.

**C. Plaintiffs have not shown that there is a *per se* physical taking under *Loretto*.**

Plaintiffs argue that *Loretto* applies because, as the Fifth Circuit noted, the cable box was installed by a previous owner, as here. Plaintiffs misstate the Fifth Circuit's opinion, which noted that the "building's previous owner <u>had authorized</u> a cable television service to install the cable and boxes."

[6] In fact, the Fifth Circuit expressly concluded that any consideration of evidence at the pleadings stage was impermissible. *Money*, 2025 WL 429980, at *7.

*Money*, 2025 WL 429980, at *5 (emphasis added). This is fundamentally different than *Loretto* in which the third-party cable installer, a stranger to the property, continued to own and control the cable box. Moreover, the challenged regulation was enacted after the plaintiff purchased the property, unlike here. *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 423 (1982). The Supreme Court entertained the takings claim only "insofar as it relied" on a post-purchase regulation. *Id*. at 424. Thus, even under *Loretto*, the Supreme Court would limit its consideration to post-purchase regulations. As noted in Defendants' objections, numerous decisions have considered this distinction and concluded *Loretto* does not apply.

Plaintiffs attempt to distinguish several decisions cited in Defendants' objections as dealing with safety. However, there is no separate test for historic preservation and safety ordinances. As already addressed in Defendants' objections, historic preservation ordinances are valid and constitutional applications of the government's police powers. Plaintiffs do not cite a single authority distinguishing between historic preservation ordinances and safety ordinances, nor do any of the decisions in Defendants' objections attempt to limit or restrict their holdings to safety ordinances when discussing *Loretto's* "narrow" ruling.

Likewise, Plaintiffs' attempt to distinguish several decisions involving historic preservation ordinances because they do not address *Loretto* misses the point. The decisions involved the same allegations as here, that the property owners' decisions on their own premises and how they could alter the premises were restricted by the historic preservation ordinance at issue. Plaintiffs are correct that *Loretto* was not discussed in every decision because it was wholly inapplicable, as here.[7]

Plaintiffs argue that the Supreme Court's own limiting language in *Loretto* that ownership of the cable box would present a different question should be ignored since the Supreme Court noted such

[7] Those that did concluded there was no taking under *Loretto*. *Collins v. Historic Dist. Comm'n of Carver*, 897 N.E. 2d 1281 (Mass. 2008).

ownership could involve the right to placement, manner, use and possibly disposition of the installation. However, the Supreme Court expressly noted that such right could be restricted by the government and the owner would still have to comply with the regulations. *Loretto*, 458 U.S. at 441 n.19. Courts have construed this language as meaning the "simple fact of ownership" would not require the owner "to suffer the physical occupation of a portion of his building by a *third party*." *Bd. of Managers of Soho Int'l Arts Condo. v. City of N.Y.*, 2004 WL 1982520, at *18 (S.D.N.Y. Sept. 8, 2004) (emphasis in original). Likewise, the "simple fact of ownership" in this matter removes it from the ambit of *Loretto*. *Id*.

As set forth in Defendants' objections, the Magistrate Judge erred in recommending summary judgment on Plaintiffs' *per se* takings claim.

**D. Plaintiffs have not established that the ordinance is facially unconstitutional.**

Plaintiffs claim that the ordinance is unconstitutional facially because it turns solely on aesthetics.[8] As repeatedly demonstrated in the extensive briefing and the Magistrate Judge's report, this is wholly incorrect. Plaintiffs complain that Defendants state in a single conclusory paragraph that the ordinance language shows as a matter of law that it is not based purely on aesthetics, nor was the Commission's decision based purely on aesthetics. Contrary to Plaintiffs' argument, this was not *ipse dixit*, as this Court can see. Defendants' objections reference Judge Hightower's citation to the record consisting of four pages, in addition to the Fifth Circuit's own conclusion that there were non-aesthetic considerations in the ordinance. Further, since this Court's review is *de novo*, Defendants are not

[8] Plaintiffs continue to rely on *Spann v. Dallas*, 235 S.W. 513 (Tex. 1921), ignoring the Fifth Circuit's own interpretation of *Spann*: "While *Spann* does say that purely aesthetic considerations are not a proper basis for the exercise of police powers, later cases indicate that aesthetics should not be ignored, but may properly be considered by a city **as one** of a number of factors followed in the exercise of police powers." *Price v. City of Junction, Tex.*, 711 F.2d 582, 588-89 (5th Cir. 1983) (citing *Connor*, 142 S.W.2d at 712 and *City of Houston v. Johnny Frank's Auto Parts Co.*, 480 S.W.2d 774, 780 (Tex. Civ. App.—Houston [14th Dist.] 1972, no writ)) (emphasis added). Thus, aesthetics alone may not provide a basis to deny a change to property, but it can be considered in conjunction with other non-aesthetic factors, as in this case. Contrary to Plaintiffs' assertions, it is not "undisputed" that the Commission's decision turned solely on aesthetics, as has been repeatedly argued and shown in the Magistrate Judge's report with direct references to the evidence. Defendants have never acknowledged the ordinance is purely based on aesthetics, despite Plaintiffs' unfounded representations to the contrary.

required to restate every single piece of evidence contained in the record. *See Gee v. Saul*, 2020 WL 5558089, at *1 (W.D. Tex. Sept. 17, 2020) (in conducting *de novo* review, court will examine entire record). Regardless, the evidence shows that the decision was not solely based on aesthetics, and Plaintiffs have not offered any evidence to the contrary. Plaintiffs' facial challenge fails as a matter of law.

**E. Plaintiffs have not shown any evidence supporting their as-applied challenge.**

Plaintiffs, for the first time, argue that the <u>process</u> of applying for a COA is unduly burdensome, necessitating filing applications, notifying neighbors, being "grilled" at a public hearing, and receiving permission to alter their house that they knew was subject to historic preservation restrictions when they purchased it. This clearly does not meet the substantial and oppressive burden standard the Texas Supreme Court requires. *See Patel v. Tex. Dep't of Licensing & Regulation*, 469 S.W.3d 69, 87 (Tex. 2015).[9] Plaintiffs again offer no evidence of any burden which could be substantial and oppressive, as the Magistrate Judge correctly determined. Therefore, there is no fact issue. Consequently, Defendants are entitled to summary judgment on Plaintiffs' as-applied challenge.

Wherefore, premises considered, Defendants pray that the Court sustain their objections to the Judge Magistrate's Report and Recommendation, deny Plaintiffs' motion, grant Defendants' motion as to Plaintiffs' facial challenge and as applied under the U.S. Constitution, and grant Defendants' motion under the Texas Constitution.

[9] Plaintiffs argue that it is "undisputed" that they are being forced to keep a "Klansman's" initial bolted to their home, but there is no evidence that this is true, nor have Plaintiffs waited to engage in discovery to prove this assertion. This is simply a conclusory and self-serving statement without any evidence supporting it.

Respectfully submitted,

**FLETCHER, FARLEY, SHIPMAN & SALINAS, L.L.P.**
2530 Walsh Tarlton Lane, Suite 150
Austin, Texas 78746
(512) 476-5300
FAX (512) 476-5771

By: /s/Joanna Lippman Salinas
Joanna Lippman Salinas
Texas State Bar No. 00791122
joanna.salinas@fletcherfarley.com

Attorneys for Defendants, *City of San Marcos and Amanda Hernandez, Director of Planning and Development Services in her official capacity*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Reply to Plaintiffs' Response to Defendants' Objections to the Magistrate Judge's Report and Recommendation** has been provided to the following, in accordance with the Federal Rules of Civil Procedure, on September ___, 2026.

Robert Henneke
Chance Weldon
Heidi Walusimbi
TEXAS PUBLIC POLICY FOUNDATION
901 Congress Avenue
Austin, Texas 78701

/s/Joanna Lippman Salinas
Joanna Lippman Salinas